IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ARETHA WASHINGTON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALLIED DATA CORPORATION,** )<br>)<br>)<br>**Defendant.** ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, ARETHA WASHINGTON by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ALLIED DATA CORPORATION, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.  ARETHA WASHINGTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Louis, County of St. Louis, State of Missouri.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to AT&T.

6. The debt that Plaintiff allegedly owed AT&T was for a telephone and/or internet bill incurred by Plaintiff for her personal use.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ALLIED DATA CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri.  Defendant's principal place of business is located in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. On or about October 19, 2010, Ms. Phillips, a duly authorized representative of Defendant initiated a telephone call to Plaintiff's cellular telephone and left Plaintiff a voicemail message.

15. During the course of the aforementioned voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

16. During the aforesaid voicemail message, Defendant stated that she was calling Plaintiff in regards to a case.

17. Defendant then provided Plaintiff with a putative case number.

18. Defendant further stated "I am going to be making some important decisions concerning you in this case and I will need to speak to you or your attorney by no later than Wednesday October 20, 2010."

19. Defendant then stated "[i]f I do not receive a return phone call from you, then I will be making all the decisions on this case without your consent."

20. Defendant further stated that if it did not receive a telephone call from Plaintiff then Defendant would "forward [Plaintiff's case] back to the attorneys."

21. Defendant's representations had the effect of conveying to Plaintiff that Defendant had already filed a case against Plaintiff or that Defendant would file a case against Plaintiff if Plaintiff did not contact Defendant.

22. Defendant's representations that it had filed a case against Plaintiff were false, deceptive and/or misleading given that at the time Defendant made the aforementioned statements it had not filed a lawsuit against Plaintiff.

3

23. On or about Saturday October 23, 2010, Miss. Harrison, a duly authorized representative of Defendant initiated a telephone call to Plaintiff's cellular telephone and left Plaintiff a voicemail message.

24. During the course of the aforementioned voicemail message, Defendant, again, failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

25. During the aforesaid voicemail message, Defendant stated that it had to hear from Plaintiff or Plaintiff's attorney no later than Monday.

26. The aforementioned statements had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Defendant by Monday, two (2) days after Defendant left the aforementioned voicemail message, then Defendant would file a lawsuit against Plaintiff.

27. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

29. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

30. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

31. In its attempts to collect the debt allegedly owed by Plaintiff to AT&T, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c.   Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e.   Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    f.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    g.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

33.   Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ARETHA WASHINGTON, by and through her attorneys, respectfully prays for judgment as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,  
**ARETHA WASHINGTON**

By:   s/ David M. Marco  
       Attorney for Plaintiff

Dated: December 27, 2010

David M. Marco (# 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us